UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
ALLSTATE INDEMNITY COMPANY,

                        Plaintiff,

          -against-

KALMEN WEISS, *et al.*,

                        Defendants.
---------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
19-CV-1907 (RRM) (ST)

ROSLYNN R. MAUSKOPF, Chief United States District Judge.

      Plaintiff Allstate Indemnity Company ("Allstate") seeks a declaratory judgment establishing that defendant Hershy Weiss is not entitled to coverage under an Allstate insurance policy issued to Kalmen Weiss and that Allstate is not obligated to continue representing Hershy Weiss in litigation related to a slip and fall in his apartment. Allstate now moves for judgment on the pleadings. For the reasons set forth below, Allstate's motion is denied.

## BACKGROUND

**I.    Relevant Facts**[1]

      On March 20, 2015, Abraham Friedman slipped and fell in an apartment at 30 Ross Street, Brooklyn, New York. (Compl. (Doc. No. 1) ¶ 8.) Friedman initiated a lawsuit in the Supreme Court of the State of New York, Kings County, against Hershy Weiss seeking to recover for injuries he claimed to have sustained in the fall. *See Friedman v. Weiss*, Index No. 517924/2017 (N.Y. Sup. Ct. Oct. 3, 2017). (Compl. ¶ 8, Ex. A (Doc. No. 20-3).) Hershy Weiss, representing that he was also known as Kalmen Weiss, requested defense and indemnification

---

[1] The following facts are drawn from the complaint. Because Allstate is the moving party on the instant motion for judgment on the pleadings, the facts are not assumed to be true. *See Vasquez v. Mullooly, Jeffrey, Rooney & Flynn LLP*, No. 16-CV-6609 (VSB), 2017 WL 4402567, at *2 (S.D.N.Y. Sept. 30, 2017) (explaining that in deciding a motion for judgment on the pleadings, the Court accepts the non-moving party's allegations as true).

from Allstate based on an Allstate insurance policy held by Kalmen Weiss for 30 Ross Street. (*Id.* ¶¶ 12–13.) In the course of its representation of Hershy Weiss, Allstate learned that Hershy Weiss was not the same person as Kalmen Weiss, but rather his son. (*Id.* ¶ 14.)

## II.     Complaint and Answer

On April 3, 2019, Allstate filed this action seeking a declaratory judgment that Hershy Weiss is not entitled to coverage under the insurance policy issued to Kalmen Weiss and that Allstate is not required to continue defending Hershy Weiss in Friedman's suit against him. (Compl. ¶¶ 18, 34.) In its complaint, Allstate alleges that "[d]uring the course of discovery, Allstate learned that Hershy Weiss and Kalmen Weiss are not the same person. Rather Kalmen Weiss is Hershy Weiss' father." (Compl. ¶ 14.) In his answer, Hershy Weiss summarily denies this allegation. (Answer (Doc. No. 10) ¶ 1.)

## III.    Motion for Judgment on the Pleadings

On November 7, 2019, Allstate moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). As the basis for its motion, Allstate "annexes transcriptions of the recorded statements and authenticating affidavits of Hershy and Kalmen Weiss to its motion," which Allstate argues the Court can consider in adjudicating this motion because they are integral to the complaint. (Memorandum in Support of Motion for Judgment on the Pleadings ("Mot.") (Doc. No. 20-1) at 10–11.)[2] The first document is a transcript of an interview with Hershy Weiss conducted on January 22, 2018, in which Hershy Weiss appears to state that the 30 Ross Street building is owned by his father. (Mot., Ex. E ("Interview of Hershy Weiss") (Doc. No. 20-7) at 4.) Included with the transcript is an affidavit signed by Hershy Weiss on May 7, 2018, stating that he has reviewed the interview transcript and that the information he provided is

---

[2] Page numbers correspond to pagination assigned by the Court's Electronic Case Filing system.

2

"true and accurate." (*Id.* at 2.) Allstate also submits a transcript of a February 18, 2018, interview in which Kalmen Weiss appears to state that Hershy Weiss is his son. (Mot., Ex. F ("Interview of Kalman Weiss") (Doc. No. 20-8) at 4–5.) With the transcript, Allstate submits an affidavit signed by Kalmen Weiss on May 15, 2018, in which Weiss appears to have edited the text to state that he had "*not* reviewed the transcript" and that the information he provided was "*maybe* true and accurate." (*Id.* at 2 (emphasis added).) Based on these transcripts, Allstate argues that "Hershy Weiss is not an 'insured person' as that term is defined in the Allstate policy" and he therefore "is not entitled to coverage under the Allstate policy." (Mot. at 17.)

In his opposition brief, Hershy Weiss argues that the Court cannot consider this extrinsic material on a motion for judgment on the pleadings because the documents are not integral to the complaint. (Memorandum in Opposition to Motion for Judgment on the Pleadings ("Opp.") (Doc. No. 21) at 3–4.) Hershy Weiss also argues on the merits that Allstate is not entitled to judgment on the pleadings here because it failed to timely disclaim coverage. (Opp. at 6–7.)

In reply, Allstate argues once again that the Court may consider the interview transcripts in deciding this motion. (Reply to Response to Motion for Judgment on the Pleadings ("Reply") (Doc. No. 22) at 6–8.) Responding to Weiss's argument on the merits, Allstate argues that because Hershy Weiss is not covered by the policy, Allstate has not disclaimed coverage, but rather denied coverage. (Reply at 9.)

## DISCUSSION

Federal Rule of Civil Procedure 12(c) provides, "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "In deciding a motion for judgment on the pleadings, a district court must 'employ the same standard applicable to Rule 12(b)(6) motions to dismiss.'" *Vasquez v. Mullooly, Jeffrey,*

3

*Rooney & Flynn LLP*, No. 16-CV-6609 (VSB), 2017 WL 4402567, at *2 (S.D.N.Y. Sept. 30, 2017) (quoting *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 78 (2d Cir. 2015)). "This means '[a]ccepting the non-moving party's allegations as true and viewing the facts in the light most favorable to that party,' and granting judgment on the pleadings 'if the moving party is entitled to judgment as a matter of law.'" *Id.* (quoting *Richards v. Select Ins. Co.*, 40 F. Supp. 2d 163, 165 (S.D.N.Y. 1999)). In essence, "[j]udgment on the pleadings 'is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings.'" *Virgin Grp. Holdings Ltd. v. Energy Parametrics & Commc'ns, Inc.*, No. 10-CV-8752 (BSJ) (THK), 2011 WL 4448943, at *1 (S.D.N.Y. Sept. 26, 2011) (quoting *Sellers v. M.C. Floor Crafters Inc.*, 842 F.2d 639, 642 (2d Cir. 1988)).

Allstate alleges, "During the course of discovery, Allstate learned that Hershy Weiss and Kalmen Weiss are not the same person." (Compl. ¶ 14.) In support of this claim, which Allstate acknowledges forms the basis for its motion, Allstate cites the testimony of Hershy and Kalmen Weiss. (Mot. at 10–11, 15–17.) Allstate's allegations, however, are not the operative issue in *its* motion for judgment for judgment on the pleadings. Instead, in a motion for judgment on the pleadings, the Court must accept "the non-moving party's allegations as true." *Vasquez*, 2017 WL 4402567, at *2. Here, Hershy Weiss, the non-moving party, denies in his pleading Allstate's allegation that he and Kalmen Weiss are the same person. (Answer ¶ 1 (denying "each and every allegation" in paragraph 14).) Accordingly, the Court cannot find based on the pleadings that the "material facts are undisputed" here, and Allstate's motion for judgment on the pleadings must be denied. *Virgin Grp. Holdings Ltd.*, 2011 WL 4448943, at *1.

## CONCLUSION

For the reasons set forth above, Allstate's motion for judgment on the pleadings is denied.  This action is recommitted to Magistrate Judge Tiscione for all remaining pre-trial matters, including settlement discussions if appropriate.

SO ORDERED.

Dated: Brooklyn, New York  *Roslynn R. Mauskopf*
       September 28, 2020

ROSLYNN R. MAUSKOPF
Chief United States District Judge